**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HELENA CELESTE LOLA PEDRO PUATI; et al., | No. 07-71925 |
| Petitioners, | Agency Nos.    A095-005-418 |
| | A096-169-509 |
| v. | A096-169-510 |
| | A096-169-511 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Helena Celeste Lola Pedro Puati, and her children, natives and citizens of

Angola, petition for review of the Board of Immigration Appeals' order dismissing

their appeal from an immigration judge's ("IJ") decision denying their application

for asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the IJ's determination that Puati did not demonstrate the harms she and her friends and family suffered amounted to past persecution. *See Singh v. INS*, 134 F.3d 962, 969 (9th Cir. 1998) (explaining that when there is no evidence of significant physical violence or specific threats of serious harm, the court is unlikely to find persecution). Substantial evidence also supports the IJ's finding that Puati does not have a well-founded fear of future persecution because her fear of individualized risk is too speculative. *See Nagoulko v INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Further, the record does not compel the conclusion that Puati established a pattern or practice of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1060-61 (9th Cir. 2009). Accordingly, Puati's asylum claim fails.

Because Puati did not establish eligibility for asylum, it necessarily follows she failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the IJ's conclusion that Puati is not eligible for CAT protection because she failed to show it is more likely than

not she would be tortured in Angola. *See Wakkary v. Holder*, 558 F.3d 1049,

1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED**.